IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

SUSAN L. YEAGER, et al.                                                                PLAINTIFFS

V.                                                                    NO. 4:17-CV-168-DMB-JMV

R.L. BRAND, et al.                                                                      DEFENDANTS

**ORDER**

This diversity action is before the Court on the plaintiffs' motion for default judgment. Doc. #15.

**I**
**Procedural History**

On December 1, 2017, Susan Yeager and Amelia Nichols, acting as guardians of their mother Jacoba Dooley, filed a complaint in this Court against R.L. Brand; Roderick Mitchell; B & B Contracting Management Services, Inc. ("B&B"); and New Life Church of Cleveland, Mississippi ("New Life"). Doc. #1. The complaint alleges that during the time relevant to this action, Dooley's mind was beginning to fail and that:

> The individual defendants, R.L. Brand and Roderick Mitchell, scammed and fleeced the ward into buying a lot from New Life Church which lot was not owned by New Life Church, but rather was owned by Roderick Mitchell and his wife and which lot was mortgaged and could not be conveyed free and clear and by having plaintiff enter into a construction contract with Brand [and B&B] for him, Brand, to construct a house on said lot for $140,000.00 and toward which $140,000.00 plaintiff paid Brand $70,000.00 or $105,000.00 (as may be proved) for which house Brand had no intention of completing and for which Brand never did any work except to hip up the soil for the foundation. Thus Roderick Mitchell and R. L. Brand conspired together to deprive and defraud the ward of that to which she was lawfully entitled, a lot with a deed and a house erected thereon in order to steal from ward the money she paid for the lot, title to which she never got, and the money the ward paid to have the house constructed, which construction was never done. Brand and Mitchell took advantage of the ward's senility and dementia in so scamming and fleecing said ward.

*Id.* at ¶ 50. As relief, the plaintiffs seek: (1) rescission of the purchase contract with New Life;

(2) rescission of the construction contract with Brand and B&B; and (3) treble damages under Mississippi's Vulnerable Persons' Act. *Id.* at 16.

Mitchell and New Life were served with a summons and copy of the complaint on December 2, 2017. Doc. #5; Doc. #6. Brand and B&B were served on December 5, 2017. Doc. #3; Doc. #4. Mitchell and New Life filed separate answers to the complaint on December 20, 2017. Doc. #7; Doc. #8. Neither Brand nor B&B answered the complaint and, on December 28, 2017, the plaintiffs moved for entry of default. Doc. #11.

The Clerk of the Court entered default against Brand and B&B on January 2, 2018, and the plaintiffs moved for default judgment the following day. Doc. #12; Doc. #15. The same day the plaintiffs moved for default judgment, the Clerk received from Brand a letter styled, "Answer to judgement." Doc. #16. Brand's letter contradicts most of the facts alleged in the complaint but offers no excuse for the default and does not request that the default be set aside.

On February 12, 2018, the plaintiffs filed a "Stipulation of Dismissal as to Two Defendants Only." Doc. #28. The stipulation, which is signed by Brand (on his own behalf and on behalf of B&B), counsel for the plaintiffs, Mitchell, and New Life, stipulates to the dismissal with prejudice of Mitchell and New Life. *Id.* Over the next week, the plaintiffs, in support of their motion for default judgment, filed two affidavits, a memorandum brief, and a letter from a medical doctor opining on Dooley's mental condition. Doc. #31; Doc. #32; Doc. #34; Doc. #35.

**II**
**Analysis**

Pursuant to "Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant who has failed to plead or otherwise defend upon motion of the plaintiff." *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F.Supp.3d 809, 813 (N.D. Tex. 2015). "Under Fifth Circuit law, there are three steps to obtaining

a default judgment: first, default by the defendant; second, clerk's entry of default; and third, entry of a default judgment." *Gray v. MYRM Holdings, L.L.C.*, No. A-11-cv-180, 2012 WL 2562369, at *3 (W.D. Tex. June 28, 2012) (citing *N.Y. Life. Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)) (emphases omitted). The first two steps have been satisfied here. Thus, the only issue left to consider is whether default judgment should be entered.[1] In making this determination, the Court conducts a three-question analysis: (1) "whether the entry of default judgment is procedurally warranted;" (2) "whether there is a sufficient basis in the pleadings for the judgment;" and (3) "what form of relief, if any, the plaintiff should receive." *J & J Sports*, 126 F.Supp.3d at 814.

### A. Procedural Justification

In determining whether a default judgment is procedurally warranted, a court should consider: (1) "whether material issues of fact are at issue;" (2) "whether there has been substantial prejudice;" (3) "whether the grounds for default are clearly established;" (4) "whether the default was caused by a good faith mistake or excusable neglect;" (5) "the harshness of a default judgment;" and (6) "whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

First, where as here, a party fails to respond to or answer the complaint, there are no material issues of fact at issue. *See John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-cv-4194, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013) ("Green Tree has not filed a responsive pleading or otherwise appeared in this case, and thus has not contested any facts presented in Plaintiff's Complaint.").

---

[1] "A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default. Default judgments are a drastic remedy, not favored by the Federal Rules of Civil Procedure and resorted to by courts only in extreme situations." *Tyson v. Quality Homes of McComb, Inc.*, No. 3:13-cv-887, 2014 WL 6673578, at *2 (S.D. Miss. Nov. 24, 2014) (internal quotation marks, alterations, citations omitted).

Second, a failure to respond causes prejudice because "failure to respond … threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests in pursuing its rights afforded by law." *Id*.

Third, as mentioned above, the grounds for default (default and entry of default) have been clearly established. *See* Doc. #11; Doc. #12.

Fourth, there is no evidence before the Court that "the default was caused by a good faith mistake or excusable neglect."

Fifth, the defendants have had more than three months to attempt to set aside the default. "[W]hile default judgment is a harsh remedy, any harshness is mitigated [when defendants have] had substantial time to correct the default." *Helena Chem. Co. v. Aylward*, No. 4:15-cv-96, 2016 WL 1611121, at *2 (N.D. Miss. Apr. 21, 2016).

Finally, in the event the defendants later seek to challenge the default, the Court is aware of no facts that would make it "obliged to set aside the default."

Considering these factors, the Court finds they all weigh in favor of default judgment being procedurally warranted in this case.

### B. Sufficient Basis in Pleadings

"In light of the entry of default, Defendants are deemed to have admitted the allegations set forth in Plaintiff's Complaint." *J & J Sports*, 126 F.Supp.3d at 815. "However, [a] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* at 814 (internal quotation marks omitted); *see Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered."). Addressing the "sufficient basis in the pleadings" requirement, the Fifth Circuit has

4

stated:

> Despite announcing that a default judgment must be supported by well-pleaded allegations and must have a sufficient basis in the pleadings, the *Nishimatsu* court did not elaborate on these requirements and we have found no guidance in our own cases. Nevertheless, we draw meaning from the case law on Rule 8, which sets forth the standards governing the sufficiency of a complaint. Rule 8(a)(2) requires a pleading to contain a short and plain statement of the claim showing that the pleader is entitled to relief. The purpose of this requirement is to give the defendant fair notice of what the claim is and the grounds upon which it rests. The factual allegations in the complaint need only be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). Detailed factual allegations are not required, but the pleading must present more than an unadorned, the-defendant-unlawfully-harmed-me accusation.

*Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (internal quotation marks, citations, and alterations omitted).

In their complaint, the plaintiffs assert a claim against the defaulting defendants for rescission based on lack of consideration. The plaintiffs also seek treble damages under Mississippi's Vulnerable Person's Act.

### 1. Rescission

The contract between Dooley and B&B, which is signed by Dooley and Brand, is attached to the complaint and provides in full:

> We hereby agree to construct a resident [sic] on your lot, Renova, MS, subdivision addition of the New Life Church, Third Street Extension, Bolivar County Mississippi, according to plans and specification or and [sic] in the amount of $ 140,000.00, complete labor and material. Payments will be made in four (4) payments[.]

Doc. #1-3 at Ex. 12.

The plaintiffs allege rescission is warranted because "more than 2 years has elapsed since … entering into the contract … for construction of a house on the phantom lot and R. L. Brand has not constructed said house, has not even laid a foundation for said house, and has only hipped up the soil for the under foundation." Doc. #1 at ¶ 47. The plaintiffs further allege that Brand entered

the contract with no intention of constructing the home. *See id*. at ¶ 50.

A court's equitable power to rescind a contract for failure of consideration "rests on whether there was a material breach." *Ladner v. Pigg*, 919 So.2d 100, 102 (Miss. Ct. App. 2005). "A breach is material where there is a failure to perform a substantial part of the contract or one or more of its essential terms or conditions, or if there is such a breach as substantially defeats its purpose." *Id*. (quotation marks omitted). Under this rule, where a construction contract does not provide that time is of the essence, "the mere fact that there has been a delay in completion will not justify the project owner in terminating [the] … contract or in rescinding it." *Wright v. Stevens*, 445 So.2d 791, 794 (Miss. 1984).

Here, the construction contract did not provide that time was of the essence. Accordingly, delay alone may not justify rescission. *See id*. However, the plaintiffs do not seek rescission based only on delay. The plaintiffs also seek rescission based on the allegations that the defaulting defendants executed the construction contract with the intention *never* to build the home and that, consistent with this intent, the defendants have refused to build the subject home. Put differently, the plaintiffs seek rescission, not merely because of delay, but on a complete failure to perform. There can be no serious dispute that, under these circumstances, Brand and B&B materially breached the construction contract by refusing to perform their only duty under the agreement—construction of the home.

### 2. Vulnerable Person's Act

In addition to the claim for rescission, the plaintiffs assert a claim for treble damages under Mississippi's Vulnerable Person's Act ("VPA"). The VPA provides, in relevant part:

> In a civil action where it is proven that a person took property having a value of Two Hundred Fifty Dollars ($250.00) or more belonging to a vulnerable adult by conversion, embezzlement, extortion, theft or fraud without the owner's consent, or obtained the owner's consent by intimidation, deception, undue influence or by

6

> misusing a position of trust or a confidential relationship with the owner, then whether the action is to recover the property or damages in lieu thereof, or both, damages shall be recoverable up to three (3) times the amount of the monetary damages or value of the property embezzled, converted or otherwise stolen, in addition to any other damages.

Miss. Code Ann. §11-7-165(1). The plaintiffs argue treble damages are warranted because Dooley was a vulnerable adult and the defaulting defendants took property through fraud.

### a. Vulnerable adult

The statute utilizes the definition of "vulnerable adult" found in section 43-47-5 of the Mississippi Code. Miss. Code Ann. § 11-7-165(3). Section 43-47-5(q) defines a "vulnerable person" as "a person, whether a minor or adult, whose ability to perform the normal activities of daily living or to provide for his or her own care or protection from abuse, neglect, exploitation or improper sexual contact is impaired due to a mental, emotional, physical or developmental disability or dysfunction, or brain damage or the infirmities of aging."

In their complaint, the plaintiffs allege Dooley was "at all times when dealing with defendants … a 'Vulnerable Person.'" Doc. #1 at ¶ 53. However, as explained above, liability in a default judgment may not be based on a conclusory assertion of law. *J & J Sports*, 126 F.Supp.3d at 814. Rather, the question is whether the plaintiffs adequately pled that Dooley was impaired in her "ability to perform the normal activities of daily living or to provide for … her own care or protection." To this end, the complaint alleges that, in the months leading up to the agreement with Brand and B&B, Dooley's mind was "failing," and that shortly after she executed the contract she was diagnosed with "pre-senile dementia." Doc. #1 at ¶¶ 24, 53. While these allegations are not particularly detailed, they satisfy the low bar of Rule 8's notice pleading and, therefore, are sufficient under Rule 55. *See Wooten*, 788 F.3d at 498 (default judgment warranted where "allegations, while perhaps less detailed than [defendant] would prefer, [were] nevertheless

sufficient to satisfy the low threshold of Rule 8.").

### b. Fraud

Under Mississippi law, the elements of fraud are:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of the truth; (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury.

*Hobbs Auto., Inc. v. Dorsey*, 914 So.2d 148, 152–53 (Miss. 2005). Of relevance here, "[a] promise of future conduct does not amount to fraud unless the promise was made with the present undisclosed intention of not performing it." *Morgan v. Green-Save, Inc.*, 2 So.3d 648, 654 (Miss. Ct. App. 2008) (quoting *Bank of Shaw v. Posey*, 573 So.2d 1355, 1360 (Miss. 1990)) (internal quotation marks omitted).

As quoted above, the plaintiffs have alleged that Brand, as a representative of B&B, entered into a construction contract with Dooley with the intention not to perform the obligations under the contract. These allegations satisfy the fraud requirement of the VPA. *See Miss. Power Co. v. Bennett*, 161 So. 301, 306 (Miss. 1935) ("It is the settled rule that a contractual promise, made with the undisclosed intention of not performing it, is fraud.").

### c. Summary

Because the complaint adequately pleads that Dooley was a vulnerable person and that the defendants took money from her through fraud, default judgment on the VPA claim is warranted.

## C. Relief

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *United States ex rel. M–Co Const., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). As a general rule, a

district court may not award damages without an evidentiary hearing unless "the amount claimed is a liquidated sum or one capable of mathematical calculation." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). If damages, including fees, cannot be computed with certainty, a district court may grant a motion for default judgment on the issue of liability and, to the extent that it requests default without proof of damages, deny the motion without prejudice, subject to additional argument or evidence from the plaintiff. *See, e.g., Yan Fang Jiang v. Hannon Grp., Ltd.*, No. 14-cv-309, 2015 WL 5010501, at *4 (E.D. Wis. Aug. 21, 2015) (granting motion for default judgment on issue of liability and denying on issue of damages); *I.U.O.E. Local 68 Pension Fund v. Resorts Int'l Hotel, Inc.*, No. 12-6773, 2013 WL 4042451, at *4 (D.N.J. Aug. 8, 2013) (same).

The plaintiffs' motion for default judgment does not seek a specific amount of damages. Rather, it asks that the Court grant an evidentiary hearing on the issue. The Court will grant this request and will consider the issue of damages at the evidentiary hearing currently noticed for April 30, 2018. Doc. # 38.

### III
### Conclusion

For the reasons above, the plaintiffs' motion for default judgment [15] is **GRANTED**. Liability is deemed established as to the plaintiffs' claims against B&B and Brand for rescission and for treble damages under the VPA. An evidentiary hearing on the issue of damages will be held on April 30, 2018.

**SO ORDERED**, this 12th day of April, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**