**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**SUSAN L. YEAGER, et al.**                                    **PLAINTIFFS**

**V.**                                        **NO. 4:17-CV-168-DMB-JMV**

**R.L. BRAND, et al.**                                        **DEFENDANTS**

## ORDER

On October 4, 2018, this Court entered a final judgment in favor of the plaintiffs in this case. Doc. #59. On November 21, 2018, the plaintiffs moved for a writ of garnishment to Regions Bank, Doc. #60, and to Terrell Hayes, Doc. #61. As grounds, the plaintiffs represent that the defendants have not satisfied this Court's judgment, and that Regions Bank and Hayes are "indebted to or ha[ve] the effects or property of the Defendants in [their] possession or know[] of some other person or entity who is indebted to the Defendants or who has effects or property of the Defendants in his or its possession." Doc. #60 at 2; Doc. #61 at 2.

On April 12, 2019, United States Magistrate Judge Jane M. Virden, citing *Berry v. McLemore*, 795 F.2d 452 (5th Cir. 1986), issued an order requiring the plaintiffs to show cause why their motions for writs of garnishment should not be denied for lack of subject-matter jurisdiction. Doc. #65. The plaintiffs responded to the order to show cause on April 18, 2019. Doc. #66. In their response, the plaintiffs argue:

> when there is complete diversity of citizenship between the plaintiffs on the one hand and putative garnishees on the other, and apart from any arguments on the question of a United States District Court's ancillary jurisdiction to enforce its judgments, a writ of garnishment will lie when there is diversity of citizenship between the plaintiff and the putative gharnishee [sic].

*Id*. at 3.

The plaintiffs' response appears to confuse the holding of *Berry* and, by extension, the concerns raised by Judge Virden's order to show cause. *Berry* held unambiguously that a "writ of garnishment … is an action separate and independent from the action giving rise to the judgment debt." 795 F.2d at 455. It also held that "post-judgment jurisdiction … is limited to those actions that a court may *take in that same action*." *Id*. (emphases added). It follows then that a court lacks jurisdiction over a post-judgment motion for a writ of garnishment.[1] *See Hernandez v. Aleman Constr., Inc.*, No. 3:10-cv-2229, 2014 WL 6481902, at *2 (N.D. Tex. Jan. 29, 2014) ("This Court is bound by Fifth Circuit precedent to conclude that Plaintiff's writ of garnishment is necessarily an action separate and independent from this action giving rise to the judgment debt and that this Court lacks jurisdiction in this closed action to entertain Plaintiff's attempted garnishment …."). Accordingly, the plaintiffs' motions for writs of garnishment [60][61] are **DENIED** for lack of jurisdiction.

**SO ORDERED**, this 3rd day of May, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court acknowledges the plaintiffs' argument that because the *Berry* court considered the merits of a garnishment claim against a diverse defendant, it "by implication" extended jurisdiction over the garnishment claim against the defendant. *See* Doc. #66 at 3. This is, in a sense, true. The *Berry* court appeared to assume it had jurisdiction over an independent garnishment claim brought against a diverse defendant. This does not mean, however, that a court's post-judgment jurisdiction (an issue not implicated by *Berry*, which involved independent garnishment actions) encompasses a separate and independent motion for writ of garnishment. Indeed, *ZCM Asset Holding Co. (Bermuda) Ltd. v. Brookstone Fund, LLC/Brookstone Fund, Ltd.*, No. 1:05-cv-164, 2005 WL 8157942, (N.D. Tex. Dec. 6, 2005), the only other case cited by the plaintiffs, involved a separate action, rather than a post judgment motion.